IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH EMILIO SAUCEDA, | § | |
| | § | |
| Petitioner, | § | |
| vs. | § | CIVIL ACTION H-06-3612 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Under 28 U.S.C. §2241, et seq., and the Rules Governing Section 2254 Cases in the U.S. District Courts, the following **ORDER** is entered:

1. Preliminary examination of the petition for a writ of habeas corpus shows that summary dismissal is not warranted.

2. **The Clerk will serve copies of the petition,**[1] **(Docket Entry No. 1), memorandum in support, (Docket Entry No. 2), and this order upon the Respondent, Nathaniel Quarterman, P.O. Box 99, Huntsville, Texas 77342-0099 and upon the Attorney General of the State of Texas, Greg Abbott, Attention: Mike Bozarth, Chief, Habeas Corpus Division, (Mail Code 066), P.O. Box 12548,**

---

[1] This petition for a writ of habeas corpus was signed by the petitioner on November 7, 2006 and received for filing on November 13, 2006.

**Capitol Station, Austin, Texas 78711-2548 by certified mail.**

3.  Respondent must file an answer, dispositive motion, or other responsive pleading no later than April 17, 2007. Respondent must forward a copy to petitioner. Under Rule 12(c), FED. R. CIV. P., if Respondent relies on matters outside the pleadings in seeking dismissal, <u>the motion should be a motion for summary judgment</u>.

4.  Respondent's answer must contain:

  (a) a statement of the authority by which petitioner is held, and if held under the judgment of any court(s) the name of such court(s) and the number and style of the case(s) in which same were entered;

  (b) the offense(s) and sentence(s);

  (c) a specific response to each factual allegation and legal contention with applicable authority;

  (d) a statement as to whether petitioner has exhausted all state remedies, either by appeal or collateral attack; and

  (e) a statement indicating what transcripts of pretrial, trial or plea, sentencing and post-conviction proceedings are available (or which may later be available) and when they can be furnished, and what proceedings have been recorded and not transcribed.

5.  The respondent's answer must include the following documents relating

to the conviction(s) of the state court which petitioner attacks:

(a) copies of the indictment(s), judgment(s), sentence(s), and order(s) pursuant to which petitioner is being held;

(b) if petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and a copy of the judgment(s) on appeal, the statement of facts on appeal, the opinion(s) of the appellate courts or a reference to where it or they may be found in the reports;

(c) if petitioner has collaterally attacked the judgment of conviction or order in a post-conviction proceeding, a copy of petitioner's application for collateral relief including all answers and judgments rendered as a result; and

(d) a copy of only such portions of the transcripts respondents consider relevant for the proper resolution of this action.

6. <u>The petitioner is ORDERED to file a response to any dispositive motion Respondent files, within thirty (30) days. The petitioner's failure to file a response within thirty days may result in dismissal of this action for want of prosecution. Rule 41(b), FED. R. CIV. P.</u>

7. Each party must serve the other party, or counsel, with a copy of every pleading, letter, or other document sent to the court. Service is to be by mail. Every

pleading or document filed with the Clerk of Court must include a signed certificate stating the date the pleading or document was mailed and to whom it was sent. Any pleading or other document received by the Clerk that fails to include the certificate of service will be returned to the submitting party. Failure to mail a copy of the pleadings may subject the party to sanctions by the court.

8. There will be no direct communications with the U.S. District Judge or Magistrate Judge. Communications must be sent to the Clerk of Court, with copies to the other party.

The petitioner's Motion to Proceed *In Forma Pauperis,* (Docket Entry No. 3), is GRANTED.

SIGNED on November 20, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge